**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RICK BOSAN,<br>Plaintiff,<br><br>v.<br><br>TURNING POINT HOME HEALTHCARE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02876-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed July 30, 2026. (ECF No. 22.) In the R&R, Judge Christoff recommends granting Defendant Turning Point Home Healthcare's ("Turning Point") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Id.) Bosan objected to the R&R (ECF No. 25), and Turning Point responded to his objections (ECF No. 26). For the reasons outlined below, the R&R is **ADOPTED** and Bosan's Complaint is **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

The timeline is important here. Pro se Plaintiff Rick Bosan filed this lawsuit on September 15, 2025, alleging that his former employer, Defendant Turning Point Home Healthcare ("Turning Point"), violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[1] (ECF No. 2.) The Complaint states that Turning Point's alleged

[1] Although Bosan did not check the Title VII box on his pro se filing form, the Court construes his Complaint as bringing a Title VII claim because he states that Turning Point discriminated against him on the basis of religion. (ECF No. 2 at PageID 2, 5.)

discrimination began in October 2022 and ended when Bosan's employment was terminated on January 23, 2023. (ECF No. 2 at PageID 4; ECF No. 2-1 at PageID 11.)

Although Bosan alleged in his Complaint that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") in March 2023 (ECF No. 2 at PageID 5), his EEOC Charge was signed and dated on May 21, 2025 (ECF No. 2-1 at PageID 12.) The EEOC issued a dismissal and notice of rights form to Bosan on June 9, 2025, explaining that:

> The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

(Id. at PageID 8.) Based on this untimeliness, Turning Point seeks to dismiss Bosan's claims. (ECF No. 10.) Judge Christoff's R&R recommends granting Turning Point's motion and dismissing Bosan's Complaint because he "failed to adequately plead any basis for estoppel, tolling, or any other exception to the 300-day limitations period." (ECF No. 22 at PageID 66.)

## STANDARD OF REVIEW

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters. See 28 U.S.C. § 636(b)(1)(A)–(B). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. at § 636(b)(1). A party may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). If neither party objects, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

Objections come with limits. A party generally cannot raise new arguments or issues in objections that it did not first present to the magistrate court. Dabrowski v. Tubular Metal Systems, LLC, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Likewise, "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (citation omitted); see also Solomon v. Michigan Dep't of Corr., 478 F. App'x 318, 320 (6th Cir. 2012). So when a plaintiff submits only vague, general, or conclusory objections—especially when those objections fail to address the alleged legal mistakes in the R&R—the district court may review for clear error, rather than de novo. See Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002); see also Carter v. Mitchell, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" (citation omitted)).

## ANALYSIS

Bosan's objections do not warrant de novo review. Rather than addressing the R&R's sole reason for recommending dismissal—i.e., the Complaint is time barred under federal law—his first two objections merely reargue the merits of his case. (ECF No. 25 at PageID 77–78.) Bosan's third objection argues that he "timely filed this action," but he never disputes any of the dates the R&R relied on to find otherwise. (Id. at PageID 78.) Nor does he present any argument confronting Judge Christoff's conclusion that the equitable tolling or estoppel doctrines do not revive his untimely claims. Finding no clear error, the R&R is **ADOPTED**.

The fourth and fifth "objections" are styled as such but are not actual objections. Rather, Bosan claims for the first time under the Fair Labor Standards Act ("FLSA") that Turning Point owes him $75.00 in unpaid wages for work he did "[b]etween December of 2022 and January of

2023." (Id. at PageID 77, 79.) He does not offer any more details about this claim other than that Turning Point "claimed it did not pay holiday pay." (Id. at PageID 79.) Because Bosan failed to assert an FLSA claim in his Complaint, he may not now attempt to "amend [his] complaint in an opposition brief." Bates v. Green Farms Condo. Ass'n, 958 F.3d 470, 484 (6th Cir. 2020) (citations omitted). That said, he seeks leave to amend his Complaint "to add specific facts" about his discrimination claims and presumably his newly asserted FLSA claim. (Id. at PageID 79.)

Courts grant leave to amend pleadings "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But there is no reason to permit a party to amend where "it is clear on de novo review that the complaint could not be saved by amendment." Newberry v. Silverman, 789 F.3d 636 (6th Cir. 2015) (citation omitted). Put differently, courts need not grant leave when amendments are "futile." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Id. (citation omitted).

Here, justice does not require permitting Bosan to amend his Complaint. Starting with the discrimination claims, he had 300 days after being terminated to bring an EEOC charge. See e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). He was fired on January 23, 2023, which means he had to file a charge by November 19, 2023. As his own records show, however, Bosan waited until May 21, 2025—over two years later—to do so. There are no "specific facts" that he can add to change this. Any amendment, then, would be futile. Wershe v. City of Detroit, Mich., 112 F.4th 357, 372 (6th Cir. 2024), cert. denied sub nom. Wershe v. City of Detroit, 145 S. Ct. 1128, (2025) ("In fact, Wershe does not contest that the applicable statutes of limitations have expired. His claims clearly fall far outside of the applicable statutes

of limitations, and any amendments to cure the statute of limitations deficiencies would plainly be futile.").

The statute of limitations has also passed on any FLSA claim against Turning Point. "An FLSA plaintiff generally has two years to file suit, but the statute of limitations increases to three years if the claim consists of a 'willful violation.'" Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 675 (6th Cir. 2012) (citations omitted). Even assuming Bosan intended to bring a "willful violation," the limitation period ended in January 2026, which would have been three years after Turning Point allegedly failed to pay him $75.00 in overtime wages. And because there is no indication that his wage claim "arose out of the [same] conduct, transaction, or occurrence" as his discrimination claims, it is highly unlikely that the amendment would "relate back" to when he first filed suit in September 2025. Of course, it is always possible that Bosan could assert a set of facts that implicates a tolling doctrine. But his latest briefing does not provide any basis to think that may be the case. Bosan's request for leave to amend is thus **DENIED**.

## CONCLUSION

For the reasons stated above, the R&R is **ADOPTED**, Turning Point's Motion to Dismiss is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED,** this 29th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE